UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                      Chapter 7

J.P.R. MECHANICAL INC.                                      Case No.: 19-23480-dsj
d/b/a JPR MECHANICAL, et al.,                               (Jointly Administered)

        Debtors.
-----------------------------------------------------------------x
MARIANNE T. O'TOOLE, solely in her capacity as              Adv. Pro. No.: 21-07082-dsj
Chapter 7 Trustee of the Estate of J.P.R. Mechanical
Services Inc.,

        Plaintiff,

-against-

RADIUM2 CAPITAL, LLC, f/k/a
RADIUM2 CAPITAL, INC.,

        Defendant.
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF JURISDICTION...........................................................................2

SUMMARY OF MATERIAL FACTS........................................................................3

    I.      The Commencement Of The Debtor's Chapter 7 Case And
           Trustee's Appointment...................................................................3

    II.     Defendant's Proof Of Claim .........................................................3

    III.    The Adversary Proceeding...........................................................4

           A.  The Admitted Facts..................................................................4

           B.  Defendant's Testimony ............................................................6

           C.  The Void Judgments And UCC Filings That Do Not
              Support Defendant's Asserted Affirmative Defenses..............6

           D.  Defendant's Failure To Support Its Remaining
              Affirmative Defenses ...............................................................7

LEGAL STANDARD.................................................................................................8

ARGUMENT ..............................................................................................................9

    I.      The Trustee Is Entitled To Judgment Based On Defendant's
           Admissions..................................................................................10

    II.     The July 17 Transfer is Nevertheless Avoidable Under
           Section 547 Of The Bankruptcy Code...........................................11

           A.  The Debtor Transferred Its Property To Defendant, One
              Of Its Creditors .......................................................................12

           B.  The Debtor Made The July 17 Transfer On Account Of
              Antecedent Debt Owed To Defendant.....................................14

           C.  The Debtor Made The July 17 Transfer While It Was
              Insolvent...................................................................................15

           D.  The July 17 Transfer was Made Within The Preference
              Period .......................................................................................16

           E.  The July 17 Transfer Enabled Defendant To Receive
              More Than It Would Otherwise Receive ..................................16

i

III.    Defendant's Statutory Defenses Fail As A Matter Of Law ............................17

        A.  Defendant Asserted Ordinary Court Defense Fails ................................17

        B.  Defendant's Asserted Security Interest Defense Fails...........................18

        C.  Defendant's Asserted Contemporaneous Exchange
            Defense Fails.......................................................................................19

        D.  Defendant's Asserted New Value Defense Fails ...................................20

IV.     The Trustee Is Entitled To Recover The July 17 Transfer
        From Defendant ...........................................................................................21

V.      Claim 14 Must Be Disallowed......................................................................22

CONCLUSION.......................................................................................................22

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

Ames Merch Corp. v. Cellmark Paper Inc. (In re Ames Dep't Stores, Inc.),
450 B.R. 24 (Bankr. S.D.N.Y. 2011)...............................................................................17, 18

Amsterdam Key Assoc. LLC v. Blakely (In re 477 W. 142nd St. Hous.),
2020 Bankr. LEXIS 1512 (Bankr. S.D.N.Y. June 8, 2020)......................................8

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986)..........................................................................................8

Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cuter, P.A. (In re USA
Diversified Prods., Inc.), 100 F. 3d 53 (7th Cir. 1996).................................................13, 14

Buchwald Capital Advisors L.L.C. v. Metl-Span I., Ltd. (In re Pameco
Corporation), 356 B.R. 327 (Bankr. S.D.N.Y. 2006) ...............................................21

Celotex Corp. v. Catrett,
477 U.S. 317 (1986).........................................................................................8, 9

DeNicola v. Frontline Asset Strategies,
279 F.R.D. 214 (E.D.N.Y. 2012) ...................................................................9, 10

GM Corp. v. Devex Corp.,
461 U.S. 648 (1983).........................................................................................21

In re CIS Corp.,
195 B.R. 251 (Bankr. S.D.N.Y. 1996)................................................................18

In re Outlet Dep't Stores, Inc.,
49 B.R. 536 (Bankr. S.D.N.Y. 1985).................................................................8

J & J Sports Prods. v. Mari, No. 10-CV-455,
2012 U.S. Dist. LEXIS 40284, 2012 WL 1004842 (E.D.N.Y. Mar. 23, 2012).........10

Jacobs v. Matrix Capital Bank (In re AppOnline.com, Inc.),
315 B.R. 259 (Bankr. E.D.N.Y. 2010)................................................................15

Lawson v. Ford Motor Co. (In re Roblin Indus.),
78 F. 3d 30 (2d Cir. 1996)..............................................................................15, 17

L&T Steel Fabricators, Inc.,
102 B.R. 511 (Bankr. N.D. La. 1989).................................................................21

iii

**Cases**                                                                                                                                    **Pages**

McHale v. Boulder Capital LLC (In re 1031 Tax Grp., LLC),
439 B.R. 47 (Bankr. S.D.N.Y. 2010)..........................................................................13

Nisselson v. Salim (In re Big Apple Volkswagen, LLC),
2016 Bankr. LEXIS 834 (Bankr. S.D.N.Y. March 17, 2016)...................................14, 16

Off. Comm. of Unsecured Creditors of Cyberrate.com, Inc. v. Gold Force Int'l,
Ltd. (In re Cyberrate.com., Inc.), 296 B.R. 639 (Bankr. E.D.N.Y. 2003) .................21

Off. Comm. of Unsecured Creditors of Enron Corp. v. Martin (In re Enron
Creditors Recovery Corp.), 376 B.R. 442 (Bankr. S.D.N.Y. 2007) ..........................17

Pereira v. United Parcel Service of America, Inc. (In re Waterford Wedgewood
USA, Inc.), 508 B.R. 821 (Bankr. S.D.N.Y. 2014) ....................................................21

Ralar Distribs. v. Rubbermaid (In re Ralar Distribs.),
4 F. 3d 62 (1st Cir. 1993).........................................................................................8, 9

Responsible Person of Musicland Holding Corp. v. Best Buy Co. (In re Musicland
Holding Corp.), 462 B.R. 66 (Bankr. S.D.N.Y. 2011) ..............................................20

Sapir v. Keener Lumber Co. (In re Ajayem Lumber Corp.),
143 B.R. 347 (Bankr. S.D.N.Y. 1992)......................................................................15

Savage & Assocs. v. Mandl (In re Teligent Inc.),
380 B.R. 324 (Bankr. S.D.N.Y. 2008)......................................................................16

Southmark Corp. .v. Grosz (In re Southmark Corp.),
49 F. 3d 1111 (5th Cir. 1995) ..................................................................................14

West Virginia v. United States,
479 U.S. 305 (1987)..................................................................................................21

| **Statutes & Rules** | **Pages** |
|---|---|
| 11 U.S.C. § 101 | 2, 12 |
| 11 U.S.C. § 105 | 2 |
| 11 U.S.C. § 502 | 1, 2, 11, 22 |
| 11 U.S.C. § 541 | 2, 13 |
| 11 U.S.C. § 547 | passim |
| 11 U.S.C. § 550 | 1, 2, 11, 20-23 |
| 28 U.S.C. § 157 | 2 |
| 28 U.S.C. § 1334 | 2 |
| 28 U.S.C. § 1408 | 2 |
| 28 U.S.C. § 1409 | 2 |
| 28 U.S.C. § 1961 | 22 |
| FED. R. BANKR. P. 7056 | 1, 2 |
| FED. R. CIV. P. 36 | 2, 9, 10 |
| FED. R. CIV. P. 56 | 2, 9 |
| LOCAL BANKR. R. 7056-1 | 2 |

Plaintiff Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee") of the Estate of J.P.R. Mechanical Services Inc. ("Debtor"), by her undersigned counsel, respectfully submits this Memorandum of Law in support of the Trustee's motion ("Motion") for partial summary judgment pursuant to, inter alia, Rule 7056 of the Federal Rules of Bankruptcy Procedure against defendant Radium2 Capital, LLC f/k/a Radium2 Capital, Inc. ("Defendant"). Plaintiff is entitled to summary judgment with respect to the transfer in the amount of $850,000 ("July 17 Transfer") made by the Debtor to Defendant during the 90-day period preceding the Debtor's bankruptcy filing on August 16, 2019 ("Petition Date") pursuant to 11 U.S.C. §§ 547 and 550. Because the Trustee is entitled to recovery of the July 17 Transfer from Defendant, Defendant's claim against the Debtor's estate should be disallowed under 11 U.S.C. § 502(d).

## PRELIMINARY STATEMENT

This adversary proceeding arises out of the Trustee's complaint dated August 13, 2021 ("Complaint") [ECF No. 1] which seeks, inter alia, to avoid and recover the July 17 Transfer and to disallow Defendant's proof of claim against the Debtor's estate.

There is no dispute that Defendant failed to respond to Plaintiff's First Request for Admissions ("Admissions"). Based on, inter alia, the admitted facts in the Admissions, there is no dispute that, among other things: (i) Defendant received the July 17 Transfer; (ii) the July 17 Transfer was made to or for the benefit of Defendant, a creditor of the Debtor; (ii) the July 17 Transfer was for or on account of an antecedent debt owed by the Debtor before the July 17 Transfer was made; (iii) the July 17 Transfer was made while the Debtor was insolvent; (iv) the July 17 Transfer was made within 90 days of the date of the filing of the Debtor's petition; and (v) the July 17 Transfer enabled Defendant to receive more than it would have received in a Chapter 7 case if the transfer had not been made, and Defendant received payment of its debt to the extent

1

provided by the provisions of title 11 of the United States Code ("Bankruptcy Code"). Furthermore, based on, inter alia, the admitted facts in the Admissions, there is also no dispute that Defendant has no statutory defenses under section 547(c) of the Bankruptcy Code including, inter alia, no new value, no contemporaneous exchange, no ordinary course, and no perfected security interest defenses to the July 17 Transfer. Thus, the Trustee's entitlement to relief on the First or Fourth Claims for Relief presents no genuine issues of material fact.

Assuming arguendo Defendant had timely responded to the Admissions or obtained an extension of its time to do so (and Defendant did not), Defendant cannot and has not established any of its affirmative defenses, and the July 17 Transfer is avoidable by the Trustee under section 547(b) of the Bankruptcy Code.

As will be demonstrated below, there are no genuine issues of material fact with respect to the First or Fourth Claims for Relief and the Trustee is entitled to judgment as a matter of law.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over the Debtor's bankruptcy case, the adversary proceeding, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (H). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief sought herein include common law, Rule 56 of the Federal Rules of Civil Procedure ("Federal Rules"), Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Rule 7056-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), Federal Rule 36(b), 11 U.S.C. §§105, 502, 547 and 550, and the general equitable powers of the United States Bankruptcy Court for the Southern District of New York ("Court").

2

The Court has jurisdiction over Defendant, and Defendant has consented to the jurisdiction of the Court to enter a final order or judgment. See ECF No. 6 at ¶3.

## SUMMARY OF MATERIAL FACTS

The Court and all interested parties are respectfully referred to the Statement Of Undisputed Material Facts Pursuant To Local Bankruptcy Rule 7056-1 In Support Of Plaintiff's Motion For Partial Summary Judgment ("7056 Statement") and the Declaration Of Holly R. Holecek, Esq. ("Declaration" or "Decl.") for the relevant factual and procedural background, which is summarized below. All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the 7056 Statement and the Declaration.

### I.      The Commencement Of The Debtor's Chapter 7 Case And Trustee's Appointment

On August 16, 2019 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the Bankruptcy Code. See 7056 Statement at ¶1. Prior to the Petition Date, the Debtor was in the heating, ventilation and air conditioning industry, providing plumbing and related services. See id. at ¶2.

Marianne T. O'Toole was appointed as Chapter 7 Trustee of the Debtor's estate and is the permanent Chapter 7 Trustee of the Debtor's estate. See 7056 Statement at ¶¶3, 4. Pursuant to an Order of the Court, the Debtor's Chapter 7 case is being jointly administered for procedurally purposes only with the Chapter 7 cases of J.P.R. Mechanical Inc. d/b/a JPR Mechanical ("JPR Mechanical") and J&G Group Inc. See id. at ¶5.

### II.      Defendant's Proof Of Claim

The deadline to file proofs of claim against the Debtor's estate was January 27, 2020. See id. at ¶6. On January 15, 2020, a proof of claim in the amount of $1,638,975.00 was filed on Defendant's behalf as a "secured" claim ("Claim 14"). See id. at ¶7.

**III.     The Adversary Proceeding**

During the ninety (90) days before and including the Petition Date ("Preference Period"), the Debtor continued to operate its business. See 7056 Statement at ¶8. The bank statement for period July 1, 2019 to July 31, 2019 for the Debtor's Signature Bank account ending *6743 reflects that, on July 17, 2019, the sum of $850,000.00 was wired from the Debtor to Defendant ("July 17 Transfer"). See id. at ¶9.

On August 13, 2021, Plaintiff commenced this adversary proceeding by filing the Complaint seeking to avoid the July 17 Transfer. See 7056 Statement at ¶11. On November 16, 2021, Defendant appeared in this adversary proceeding by filing its Answer To Complaint And Affirmative Defenses. See id. at ¶12.

**A.  The Admitted Facts**

On December 15, 2023, Plaintiff, through counsel, served Plaintiff's First Requests for Admission ("Admissions") on Defendant, through counsel. See 7056 Statement at ¶13. Responses to the Admissions were due by January 15, 2024. See id. at ¶14. Defendant never responded to the Admissions. See id. at ¶15. Having failed to respond to the Admissions, the admitted facts are as follows:

- Defendant received the July 17 Transfer. See id. ¶16.

- The July 17 Transfer was made during the Preference Period. See id. ¶17.

- Defendant had a right to receive the The July 17 Transfer in satisfaction of or on account of a then-existing obligation or debt owed to Defendant by the Debtor at the time payment was made. See id. ¶18.

- The July 17 Transfer was for the benefit of Defendant. See id. ¶19.

- At the time Defendant received the July 17 Transfer, Defendant was a creditor

4

of the Debtor. See id. ¶20.

- The July 17 Transfer was, at the time it was made, on account of an antecedent debt owed to Defendant by the Debtor. See id. ¶21.

- At the time of the July 17 Transfer, the Debtor was insolvent. See id. ¶22.

- Defendant has no evidence to rebut the presumption of insolvency during the Preference Period. See id. ¶23.

- Defendant received a greater percentage of what was owed to Defendant (with respect to the obligation(s) or debt(s) satisfied by the July 17 Transfer) than Defendant would have received if the July 17 Transfer had not been made and the Debtor conducted a liquidation of its business pursuant to Chapter 7 of the Bankruptcy Code on the Petition Date. See id. ¶24.

- Defendant did not hold a fully perfected security interest in assets of the Debtor (other than the July 17 Transfer) equal to or exceeding the amount of the July 17 Transfer that secured satisfaction of the obligation or debt on account of which the July 17 Transfer was made. See id. ¶25.

- The July 17 Transfer was not intended by either Defendant or the Debtor to be in exchange for new value to be conveyed contemporaneously with the July 17 Transfer. See id. ¶26.

- No new value was exchanged contemporaneously with the July 17 Transfer. See id. ¶27.

- For each invoice or other obligation paid by the July 17 Transfer, the invoice or obligation was paid later, earlier, or in a manner otherwise inconsistent with the prior course of business dealings between Defendant and the Debtor. See id.

5

¶28.

- For each invoice or other obligation paid by the July 17 Transfer, the invoice or obligation was paid later, earlier, or in a manner otherwise inconsistent with the general practices of Defendant's industry. See id. ¶29.

- For each invoice or other obligation paid by the July 17 Transfer, the invoice or obligation was paid later, earlier, or in a manner otherwise inconsistent with the general practices of the Debtor's industry. See id. ¶30.

- For each invoice or other obligation paid by the July 17 Transfer, the invoice or obligation was not incurred by the Debtor as part of its normal business or financial affairs with Defendant. See id. ¶31.

- The July 17 Transfer was made by the Debtor was inconsistent with ordinary business terms. See id. ¶32.

B. **Defendant's Testimony**

On October 2, 2024, Defendant by its owner, Troy C. Caruso ("Caruso"), was examined before trial. See 7056 Statement at ¶33. Caruso testified that he thought there were five (5) contracts between Defendant and "JPR". See id. at ¶34. During discovery, Defendant only produced copies of four (4) contracts, i.e., the April Contract, the May Contract, the June Contract and the July Contract between Defendant and JPR Mechanical. See 7056 Statement at ¶35.

Caruso testified under oath that Defendant received the July 16 Transfer. See 7056 Statement at ¶36. Caruso testified under oath that the July 17 Transfer was made to pay off "contract four", which Caruso further testified "was 850 for 750" ("Contract Four"). See id. at ¶37.

C. **The Void Judgment And UCC Filing That Do Not Support Defendant's Asserted Affirmative Defenses**

On January 29, 2019, a UCC Financing Statement listing Defendant as the secured party

6

was recorded against the Debtor with the New York State Department of State ("Dime UCC"). See 7056 Statement at ¶39. As of the Petition Date, Dime Community Bank was owed not less than $15,055,104.17. See id. at ¶40.

On the Petition Date, a judgment by confession in favor of Defendant and against, among others, the Debtor in the amount of $1,638,975.00 was docketed in the Supreme Court of the State of New York, County of Bronx, under index no. 29624/2019E ("Judgment"). See 7056 Statement at ¶41. A copy of the Judgment is annexed to Claim 14. See id. On the Petition Date, a UCC Financing Statement listing Defendant as the secured party was recorded against the Debtor with the New York State Department of State ("UCC"). See id. at ¶42. A copy of the UCC is annexed to Claim 14. See id. Claim 14, the Judgment and the UCC relate to an Agreement of the Purchase and Sale of Future Receipts dated July 29, 2019 between the Defendant and JPR Mechanical (i.e., the July Contract). See id. at ¶44. The July Contract provides that it is "without recourse." See id. at ¶45. At the time the UCC was recorded, the Dime UCC evidencing Dime Security Bank's security interest in all of the Debtor's assets was already of record with the New York State Department of State. See id. at ¶43.

Defendant did not seek or obtain relief from the automatic stay in the Debtor's case with respect to the Judgment or the UCC. See 7056 Statement at ¶46.

### D.  **Defendant's Failure To Support Its Remaining Asserted Affirmative Defenses**

Defendant has not provided any supporting documentation or any analyses whatsoever concerning its alleged contemporaneous exchange for value defense under section 547(c)(1) of the Bankruptcy Code. See 7056 Statement at ¶47. Defendant also has not provided any historical analyses whatsoever concerning either its alleged objective or the subjective prongs of the ordinary course of business defense under section 547(c)(2)(A) and (B). See id. at ¶48. Finally, Defendant

7

has not provided any supporting documentation or any analyses whatsoever concerning its alleged new value defense under section 547(c)(4) of the Bankruptcy Code. See id. at ¶49. The time period has closed for all fact and expert discovery. See Decl. at ¶23; see also ECF No. 24.

**LEGAL STANDARD**

Under Federal Rule 56, as made applicable to this proceeding by Bankruptcy Rule 7056, a party may move for summary judgment on any claim or any portion of a claim. FED. R. CIV. P. 56(a). Under Federal Rule 56, the Court shall grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment is required to demonstrate that there is "an absence of evidence to support the nonmoving party's case." Id. at 325. In considering a motion for summary judgment, "[t]he Court may take judicial notice of proceedings in the underlying bankruptcy case for purposes of its decision in this adversary proceeding." Amsterdam Key Assocs. LLC v. Blakely (In re 477 W. 142nd St. Hous.), 2020 Bankr. LEXIS 1512, *23 (Bankr. S.D.N.Y. June 8, 2020) (citing cases); see also In re Outlet Dep't Stores, Inc., 49 B.R. 536, 537 (Bankr. S.D.N.Y. 1985) ("Use of the judicial notice doctrine is entirely appropriate on a motion for summary judgment").

It is well settled that a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quotation, alteration and citation omitted). Moreover, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex, 477 U.S. at 323 (quotation omitted); see Ralar Distribs. v. Rubbermaid (In re Ralar

8

Distribs.), 4 F.3d 62, 67 (1st Cir. 1993) ("As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment for the moving party." (citation omitted)). Accordingly, the burden on the moving party may be discharged by pointing out to the court "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. As the United States Supreme Court explained in Celotex, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." 477 U.S. at 326 (internal quotation omitted).

Pursuant to Federal Rule 36(a)(3):

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

FED. R. CIV. P. 36(a)(3). The failure to timely respond to requests for admission results in *automatic admission* of the matters requested. See id.; see also DeNicola v. Frontline Asset Strategies, 279 F.R.D. 214, 215, (E.D.N.Y. 2012) ("[T]he court need not deem the requests to admit admitted. Pursuant to Rule 36(a)(3), that is the automatic result of a failure to timely respond.").

Based on the foregoing standards, the Trustee's Motion should be granted.

## ARGUMENT

By the Motion, Plaintiff seeks judgment against Defendant avoiding and recovering the July 17 Transfer and disallowing Claim 14. As will be demonstrated below, there are no genuine issues of material fact with respect to the First or Fourth Claims for Relief and the Trustee is entitled to judgment as a matter of law.

9

**I.**     **The Trustee Is Entitled To Judgment Based On Defendant's Admissions**

Pursuant to Federal Rule 36(b), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(b). In this case, there is no dispute that responses to the Admissions were due 30 days from the date of service, i.e., by January 15, 2024. There is also no dispute that Defendant never responded to the Admissions. As a result of Defendant's failure to respond, The Admissions were deemed automatically admitted on January 15, 2024. See FED. R. CIV. P. 36(a)(3); DeNicola, 279 F.R.D. at 215; J & J Sports Prods. v. Mari, No. 10-CV-455, 2012 U.S. Dist. LEXIS 40284, 2012 WL 1004842, at *1 (E.D.N.Y. Mar. 23, 2012).

Section 547(b) of the Bankruptcy Code provides that certain transfers to repay antecedent debt are recoverable as avoidable preferences. See 11 U.S.C. § 547(b). Based on the admitted facts in the Admissions, all of the elements set forth in of section 547(b) of the Bankruptcy Code as defining a preference are satisfied with respect to the July 17 Transfer. Indeed, there can be no dispute that, among other things: (i) Defendant received the July 17 Transfer; (ii) the July 17 Transfer was made to or for the benefit of Defendant, a creditor of the Debtor; (ii) the July 17 Transfer was for or on account of an antecedent debt owed by the Debtor before the July 17 Transfer was made; (iii) the July 17 Transfer was made while the Debtor was insolvent; (iv) the July 17 Transfer was made within 90 days of the date of the filing of the Debtor's petition; and (v) the July 17 Transfer enabled Defendant to receive more than it would have received in a Chapter 7 case if the transfer had not been made, and Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code. See Ex. C to Decl. at Request for Admission 1 through Request for Admission 9; see also 7056 Statement at ¶¶16-24.

10

Pursuant to section 547(g) of the Bankruptcy Code, certain transfers are not avoidable by a trustee under section 547(b) if the defendant can prove the nonavoidability of a transfer under section 547(c) of the Bankruptcy Code. See 11 U.S.C. § 547(g). Here, however, based on, inter alia, the admitted facts in the Admissions, there is no dispute that Defendant has no statutory defenses under section 547(c) of the Bankruptcy Code including, inter alia, no new value, no contemporaneous exchange, no ordinary course, and no perfected security interest defenses to the July 17 Transfer. See Ex. C to Decl. at Request for Admission 10 through Request for Admission 17; see also 7056 Statement at ¶¶25-32.

Pursuant to section 502(d) of the Bankruptcy Code, the Court "shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . unless such entity . . . has paid the amount, or turned over such property, for which such entity . . . is liable under section . . . 550[] . . . of this title." 11 U.S.C. § 502(d). Here, Defendant has not repaid the July 17 Transfer to the Trustee and, as such, there is no dispute that Claim 14 should be disallowed pursuant to section 502(d) of the Bankruptcy Code.

Thus, the Trustee's entitlement to relief on the First and Fourth Claims for Relief presents no genuine issues of material fact and the Trustee is entitled to judgment as a matter of law.

II.    **The July 17 Transfer Is Nevertheless Avoidable Under Section 547 Of The Bankruptcy Code**

Assuming arguendo Defendant had timely responded to the Admissions or obtained an extension of its time to do so (and Defendant did not), the July 17 Transfer is nevertheless avoidable under sections 547(b) and 550 of the Bankruptcy Code.

Section 547(b) of the Bankruptcy Code provides that a transfer of an interest of the debtor in property may be avoided where that the transfer is:

(1) to or for the benefit of a creditor;

11

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made --

> (A) on or within 90 days before the date of the filing of the petition; … and

(5) that enables such creditor to receive more than such creditor would receive if --

> (A) the case were a case under chapter 7 of this title;

> (B) the transfer had not been made; and

> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

No genuine issue of material fact exists as to these elements. As detailed below, each element has been admitted by Defendant in this action and/or is evidenced by documents and pleadings filed in connection with the Debtor's and JPR Mechanical's Chapter 7 cases or filed with the New York State Department of State of which the Court can take judicial notice.

## A. The Debtor Transferred Its Property To Defendant, One Of Its Creditors

Defendant does not dispute that it was a creditor at the time the Debtor made the July 17 Transfer. Section 101(10) of the Bankruptcy Code defines a "creditor," in part, as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Here, Caruso testified that the July 17 Transfer was made to pay off Contract Four. See Ex. I to Decl. at p. 87, lines 14:23. Assuming arguendo Contract Four was with the Debtor, the July 17 Transfer was made "to . . . a creditor[.]" See 11 U.S.C. § 547(b)(1).

12

Defendant has asserted (without any evidentiary support) that there purportedly was no transfer of an interest of the Debtor in property because "[a]nything [Defendant] may have obtained or received was property that it purchased and owed[.]" Answ. at p. 9, ¶1. As an initial matter, Defendant admitted during discovery that it received the July 17 Transfer and any suggestion that it did not is without merit. See Ex. I to Decl. at pp. 85, lines 15:25; 86, lines 1:25; 87, lines 1:23.

Defendant's argument that it "owned" all of the Debtor's receivables and thus did not receive property of the Debtor is also without merit. The time to complete discovery has closed and Defendant only produced copies of four (4) contracts, i.e., the April, May, June and July Contracts between the Defendant and JPR Mechanical. Defendant did not produce any contracts evidencing it purchased any of the Debtor's receivables. Equally important, under each of the Defendant's contracts that were produced, it only purchased a portion of the receivables, i.e., 25%. See Exs. J – M to Decl. Assuming arguendo Contract Four was with the Debtor, the Debtor presumably retained a portion of its receivables, making them property of the Debtor's estate and not property of Defendant. See 11 U.S.C. § 541.

There is no dispute that the July 17 Transfer was made to Defendant by wire transfer from the Debtor's account at Signature Bank. See Ex. D to Decl. Those funds would have been part of the Debtor' estate on the Petition Date had they not been transferred to Defendant. See McHale v. Boulder Capital LLC (In re 1031 Tax Grp., LLC), 439 B.R. 47, 70 (Bankr. S.D.N.Y. 2010) ("money in a bank account in the name of a debtor is presumed to be property of the bankruptcy estate.") (citation omitted); Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cuter, P.A. (In re USA Diversified Prods., Inc.), 100 F.3d 53, 55 (7th Cir. 1996) ("Property of the debtor is defined to include all legal or equitable interests of the debtor . . . and obviously that includes the interest that

13

a depositor the debtor has in the money in his account, more precisely the money owed him by the bank by virtue of the account."); In re Southmark Corp. v. Grosz (In re Southmark Corp.) 49 F.3d 1111, 1116-1117 (5th Cir. 1995) (payment to employee from debtor's checking account which contained "commingled funds" as part of a cash management system, when debtor held "complete legal title, all indicia of ownership, and unfettered discretion to pay creditors of its own choosing, including its own creditors," held to be property of the debtor's estate for section 547(b) purposes because estate was diminished and because debtor controlled funds in the account).

Based on the foregoing, the Trustee has met her burden under section 547(b)(1) of the Bankruptcy Code to establish that the Debtor transferred its property to Defendant who was a creditor at the time of the July 17 Transfer.

**B.  The Debtor Made The July 17 Transfer On Account Of Antecedent Debt Owed To Defendant**

There are no genuine issues of material fact as to whether the July 17 Transfer was made on account of an antecedent debt. "For the purposes of section 547(b)(2) of the Code, an 'antecedent debt' is a 'debt which is incurred prior to the relevant transfer." Nisselson v. Salim (In re Big Apple Volkswagen, LLC), 2016 Bankr. LEXIS 834 at *32 (Bankr. S.D.N.Y. March 17, 2016) (citations omitted). "For these purposes, a debt is incurred 'when it arises and not when payment is due.'" Id. (citations omitted). Here, Caruso testified that the July 17 Transfer was made to pay off Contract Four. See Ex. I to Decl. at p. 87, lines 14:23. Assuming arguendo Contract Four was with the Debtor, the July 17 Transfer was made on account of an antecedent debt See 11 U.S.C. § 547(b)(2).

Thus, the Trustee has met her burden under section 547(b)(2) of the Bankruptcy Code to establish that the July 17 Transfer was made on account of an antecedent debt.

14

**C. The Debtor Made The July 17 Transfer While It Was Insolvent**

There are no genuine issues of material fact as to whether the July 17 Transfer was made while the Debtor was insolvent. "For the purposes of the third element, the debtor is presumed insolvent during the ninety days preceding the filing of the petition." Lawson v. Ford Motor Co. (In re Roblin Indus., Inc.), 78 F.3d 30, 34 (2d Cir. 1996) (citing 11 U.S.C. § 547(f) (for purposes of section 547, debtor presumed insolvent on and "during the ninety days preceding the filing of the petition")). A plaintiff moving for summary judgment on a preference claim need not offer affirmative evidence on insolvency but may instead rely upon the statutory presumption. See Sapir v. Keener Lumber Co. (In re Ajayem Lumber Corp.), 143 B.R. 347, 351 (Bankr. S.D.N.Y. 1992) (holding on cross motions for summary judgment that insolvency prong was met based upon statutory presumption, where transferee offered no evidence regarding solvency); Jacobs v. Matrix Capital Bank (In re AppOnline.com, Inc.), 315 B.R. 259, 280-81 (Bankr. E.D.N.Y. 2010) (finding that where a creditor "has not presented evidence to contest, or otherwise dispute[], the statutory presumption as to the Debtors' insolvency," the trustee "may rely upon the statutory presumption" at summary judgment without offering additional evidence). While a "creditor may rebut the presumption by introducing some evidence that the debtor was not in fact insolvent at the time of the transfer[,]" see In re Roblin Indus., Inc., 78 F.3d at 34, here Defendant chose not to provide an expert report addressing the Debtor's insolvency as of the dates of the July 17 Transfer or other evidence to rebut the statutory presumption.

Based on the foregoing, the July 17 Transfer, which indisputable were made within 90 days of the Petition Date, are presumed to have been made while the Debtor was insolvent. The Trustee has met her burden under section 547(b)(3) of the Bankruptcy Code.

15

**D.  The July 17 Transfer was Made Within The Preference Period**

There are no genuine issues of material fact as to whether the July 17 Transfer was made within 90 days of the Petition Date. Indeed, because the July 17 Transfer admittedly was made on July 17, 2019 and the bankruptcy petition was filed on August 16, 2019, the July 17 Transfer was made "within 90 days before the date of the filing of the petition." See 11 U.S.C. § 547(b)(4). The Trustee has met her burden under section 547(b)(4) of the Bankruptcy Code.

**E.  The July 17 Transfer Enabled Defendant To Receive More Than It Would Otherwise Receive**

There are no genuine issues of material fact as to whether the July 17 Transfer enabled Defendant to receive under Chapter 7 of the Bankruptcy Code, if the July 17 Transfer had not been made and if Defendant received payment of such debt to the extent provided by the Bankruptcy Code. "To satisfy § 547(b)(5), the plaintiff must prove that the transferee received more as a result of the preference than if the preference was never paid, and instead, the transferee received a distribution on its claim in a hypothetical chapter 7 case." Big Apple Volkswagen, 2016 LEXIS 834 at *37 (citing Savage & Assocs. v. Mandl (In re Teligent Inc.), 380 B.R. 324, 339 (Bankr. S.D.N.Y. 2008)). "As a practical matter, this element is satisfied whenever the plaintiff shows that the creditor would receive less than 100% in a hypothetical chapter 7 distribution." Id.

Here, Caruso testified that the July 17 Transfer was made to pay off Contract Four. See Ex. I to Decl. at p. 87, lines 14:23. The balance in the Debtor's estate as of the date of the Motion is $98,862.96 (certain of which funds are subject to the Court-approved carve-out stipulation between the Trustee and Dime Community Bank). See Decl. at ¶24. The Court can take judicial notice that, as of the date of the Motion, the filed proofs of claim against the Debtor total $214,714,723.99, of which $21,308,792.39 is filed as "secured". There is no scenario where similarly situated creditors will receive a recovery approaching what was indisputably paid to

16

Defendant during the Preference Period, i.e., 100% of what was owed on account of Contract Four.

Thus, the Trustee has met her burden under section 547(b)(5) of the Bankruptcy Code.

**III.     Defendant's Statutory Defenses Fail As A Matter Of Law**

In its Answer, Defendant asserts six (6) affirmative defenses, including bare recitals of statutory defenses under section 547(c) of the Bankruptcy Code. See ECF No. 6, Answ., at p. 9, ¶¶2-5. As demonstrated below, Defendant's 547(c) affirmative defenses fail as a matter of law and do not present any impediment to granting summary judgment in favor of the Trustee.

**A.   Defendant's Asserted Ordinary Course Defense Fails**

Section 547(c)(2)(A) of the Bankruptcy Code states that:

[t]he trustee may not avoid under this section a transfer . . .

(2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was—

(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or

(B) made according to ordinary business terms[.]

11 U.S.C. § 547(c)(2).

Relying on the legislative history behind the ordinary course of business defense, courts have explained that the purpose of the defense is to leave undisturbed "normal financial relations." See Ames Merch. Corp. v. Cellmark Paper Inc. (In re Ames Dep't Stores, Inc.), 450 B.R. 24, 33 (Bankr. S.D.N.Y. 2011) (Gerber, J.) (citing In re Roblin Indus., Inc., 78 F.3d at 41). Stated otherwise, the objective of the defense is to protect "recurring, customary credit transactions" which are incurred and paid in the ordinary course of business of the debtor and the transferee. See Off. Comm. of Unsecured Creditors of Enron Corp. v. Martin (In re Enron Creditors Recovery Corp.), 376 B.R. 442, 459 (Bankr. S.D.N.Y. 2007). "Because of the important policies served by

17

preference law, courts have repeatedly held that the exceptions contained in Code § 547(c), including the ordinary course exception, 'should be narrowly construed.'" In re CIS Corp., 195 B.R. 251, 257 (Bankr. S.D.N.Y. 1996) (citations omitted); Ames, 450 B.R. at 32. Here, Defendant has not provided any analyses whatsoever concerning either its alleged objective or the subjective prongs of the ordinary course of business defense under section 547(c)(2)(A) and (B), and the time period has closed for all fact and expert discovery. See Decl. at ¶¶23, 25.

Moreover, the undisputed facts in this case belie any ordinary course of business defense of Defendant. Indeed, Caruso testified that there five (5) contracts. See Ex. I to Decl. at p. 56, lines 21:23. Other than the April Contract, which was entered into immediately prior to the Preference Period, the remaining agreements were entered during the Preference Period. Thus, the Debtor and Defendant do not have a baseline history of "routine" or "ordinary" transactions – their transactions only occurred while the Debtor was in dire financial straits. Equally important, according to Caruso, the July 17 Transfer was to "pay off" Contract Four. See Ex. I to Decl. at p. 87, lines 15:23. The July 17 Transfer was neither "routine" nor "ordinary".

Defendant bears the burden of proving the nonavoidability of a transfer under section 547(c)(2). See 11 U.S.C. § 547(g). Defendant has not and cannot sustain its burden of proof under section 547(g) of the Bankruptcy Code.

## B. Defendant's Asserted Security Interest Defense Fails

Section 547(c)(3) of the Bankruptcy Code states that:

[t]he trustee may not avoid under this section a transfer . . .

(3) that creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i)    given at or after the signing of a security agreement that contains a description of such property as collateral;

18

(ii)      given by or on behalf of the secured party under such agreement;

(iii)     given to enable the debtor to acquire such property; and

(iv)     in fact used by the debtor to acquire such property; ***and***

(B) that is perfected on or before 30 days after the debtor receives possession of such property[.]

11 U.S.C. § 547(c)(3). Defendant bears the burden of proving the nonavoidability of a transfer under section 547(c)(3). See 11 U.S.C. § 547(g).

Assuming arguendo Defendant had a security interest in certain of the Debtor's receivables pursuant to Contract Four, and there is no evidence whatsoever that it did, Defendant indisputably never perfected its purported security interest in the Debtor's receivables under Contract Four. Defendant only first attempted to perfect its purported security interest on the Petition Date when UCC (relating to the July Contract) were recorded in violation of the automatic stay. Equally important, any alleged perfection of a security interest of Defendant in any of the Debtor's receivables purportedly obtained during the Preference Period would be avoidable. As such, Defendant's affirmative defense under section 547(c)(3) of the Bankruptcy Code fails as a matter of law.

### C.  **Defendant's Asserted Contemporaneous Exchange Defense Fails**

Section 547(c)(1) of the Bankruptcy Code states that:

[t]he trustee may not avoid under this section a transfer —

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange[.]

11 U.S.C. § 547(c)(1).

Defendant bears the burden of proving the nonavoidability of a transfer under section 547(c)(1). See 11 U.S.C. § 547(g). Defendant has not provided any analyses whatsoever concerning its alleged contemporaneous exchange defense under section 547(c)(1) of the Bankruptcy Code, and the time period has closed for all fact and expert discovery. See Decl. at ¶¶20, 23. Defendant has not sustained its burden of proof under section 547(g) of the Bankruptcy Code.

### D. Defendant's Asserted New Value Defense Fails

Section 547(c)(4) of the Bankruptcy Code states that:

[t]he trustee may not avoid under this section a transfer —

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

    (A) not secured by an otherwise unavoidable security interest; and

    (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor[.]

11 U.S.C. § 547(c)(4).

"The party relying on the defense must show that it gave unsecured new value after the preferential transfer." Responsible Person of Musicland Holding Corp. v. Best Buy Co. (In re Musicland Holding Corp.), 462 B.R. 66, 70 (Bankr. S.D.N.Y. 2011) (citations omitted). Defendant bears the burden of proving the nonavoidability of a transfer under section 547(c)(4). See 11 U.S.C. § 547(g).

Defendant has not provided any analyses whatsoever concerning its alleged new value defense under section 547(c)(4) of the Bankruptcy Code, and the time period has closed for all fact and expert discovery. See Decl. at ¶¶22, 23. Defendant has not sustained its burden of proof under section 547(g) of the Bankruptcy Code.

20

**IV.**     **The Trustee Is Entitled To Recover The July 17 Transfer From Defendant**

Pursuant to section 550 of the Bankruptcy Code, the Trustee is entitled to recover the avoidable July 17 Transfer, or its value, from Defendant as the initial transferee of the July 17 Transfer. See 11 U.S.C. § 550(a); see also Pereira v. United Parcel Service of America, Inc. (In re Waterford Wedgewood USA, Inc.), 508 B.R. 821, 837-38 (Bankr. S.D.N.Y. 2014); "The policy of Section 550 is to restore the estate the full value of the asset transferred to the preferred creditor, thereby compensating the estate for the loss of the time value of the asset." Id. at 837; see also In re L&T Steel Fabricators, Inc., 102 B.R. 511, 521 (Bankr. N.D. La. 1989). "That value includes the pre- judgment interest from the date of the transfer." Pereira, 508 B.R. at 838. "Pre-Judgment interest for any recoverable preferences is a determination within a court's discretion for actions brought under Section 547 of the Bankruptcy Code." Id.; see also Buchwald Capital Advisors L.L.C. v. Metl-Span I., Ltd. (In re Pameco Corporation), 356 B.R. 327, 342 (Bankr. S.D.N.Y. 2006); Off. Comm. of Unsecured Creditors of Cyberrate.com, Inc. v. Gold Force Int'l, Ltd. (In re Cyberrate.com., Inc.), 296 B.R. 639, 645 (Bankr. E.D.N.Y. 2003). "The time value of money is an estate asset that should be recovered for the benefit of all creditors under the policy in the Bankruptcy Code, which favors equal treatment for all creditors of a bankruptcy estate. By awarding pre-judgment interest from the date of a preferential transfer, both the estate and the transferee are restored to the economic position each were in prior to the preferential treatment. Pre-judgment interest is not a penalty, but rather is viewed as "delayed damages to be awarded as a component of compensation to the prevailing party." Pereira, 508 B.R. at 838-839; GM Corp. v. Devex Corp., 461 U.S. 648 n. 10 (1983); see also West Virginia v. United States, 479 U.S. 305, 310 n. 2 (1987).

The Trustee has proven through the facts admitted into evidence by Defendant including,

inter alia, the Admissions, the testimony of Caruso, Claim 14, that the July 17 Transfer is avoidable under section 547(b) of the Bankruptcy Code. Consequently, the Trustee is entitled to recover the July 17 Transfer, or the value thereof, from Defendant for the benefit of the Debtor's estate. See 11 U.S.C. § 550. In addition: (i) the Trustee should be awarded prejudgment interest from the date of the commencement of this action; and (ii) post-judgment interest should accrue at the rate provided by 28 U.S.C. § 1961 from the date of judgment until full payment is received.

Therefore, the Court should grant summary judgment in favor of the Trustee and against Defendant on the First Claim for Relief in the Complaint, declare that the Trustee may recover the July 17 Transfer from Defendant pursuant to section 550 of the Bankruptcy Code, and order Defendant to pay to the Trustee the value of the amount of the July 17 Transfer ($850,000.00), plus interest, costs and fees, to the extent permitted by applicable law.

## V.      Claim 14 Must Be Disallowed

Pursuant to section 502(d) of the Bankruptcy Code, the Court shall disallow any claim of any entity that is a transferee of a transfer that is avoidable under section 547 of the Bankruptcy Code unless such entity has paid the amount for which it is liable. See 11 U.S.C. § 502(d). Here, Claim 14 should be disallowed due to the fact that Defendant failed to repay the July 17 Transfer to the Plaintiff.

Based on the foregoing, the Court should grant summary judgment in favor of Plaintiff and against Defendant on the Fourth Claim for Relief in the Complaint and declare that any claim of Defendant is disallowed pursuant to section 502(d), including Claim 14.

## CONCLUSION

For the reasons set forth herein and based on the undisputed facts set forth in the 7056 Statement and the Declaration, the Trustee respectfully submits that no genuine issue of material

fact exists and Plaintiff is entitled to summary judgment on First and Fourth Claims for Relief in the Complaint. Therefore, the Trustee requests that the Court grant the relief requested in the Motion by entering judgment in favor of the Trustee and against Defendant: (i) declaring that the July 17 Transfer is an avoidable transfer pursuant to section 547 of the Bankruptcy Code; (ii) declaring that the Trustee may recover the July 17 Transfer from Defendant pursuant to section 550 of the Bankruptcy Code; (iii) ordering Defendant to pay to the Trustee the value of the aggregate amount of the July 17 Transfer ($850,000.00), plus interest, costs and fees, to the extent permitted by applicable law; (iv) disallowing Claim 14 pursuant to section 502(d) of the Bankruptcy Code; and (v) granting the Trustee such other and further relief as the Court deems just and necessary.

Dated: December 31, 2024
     Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, as Trustee*

By:    *s/ Holly R. Holecek*
     Holly R. Holecek, Esq.
     A Partner of the Firm
     3305 Jerusalem Avenue, Suite 201
     Wantagh, New York 11793
     Telephone: (516) 826-6500